**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| GREGORY BASS, *Plaintiff*, v. SAL SCIANCALEPORE, et al., *Defendants*. |

Civil Action No. 18-10811

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Plaintiff Gregory Bass ("Plaintiff") seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because, as pled, it does not appear that the Court has subject matter jurisdiction over the case and because Plaintiff has not sufficiently alleged his claim(s).

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff is a resident of New Jersey. Complaint ("Compl.") at 1; D.E. 1. Defendant Ferraro Foods, Inc. ("Ferraro") is a New Jersey corporation. *Id.* at 2. Defendant Sal Sciancalepore is Ferraro's Transportation Manager. *Id.* Defendant Isaac Perez is a dispatcher for Ferraro. *Id.* Defendant Wanda Cuz is Ferraro's Department of Transportation Safety Manager. *Id.* Defendant Melissa[1] works in Ferraro's human resources department. *Id.* The Complaint alleges that all Defendants are New Jersey citizens. *Id.* at 3.

---

[1] Plaintiff did not provide a last name for Defendant Melissa.

The allegations in this case are not clear. Plaintiff's Complaint, which is handwritten, is difficult to decipher. A clearer picture is obtained when looking at Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination form, which Plaintiff attached to the Complaint. EEOC Charge of Discrimination ("EEOC COD"); D.E. 1-1.[2]

Plaintiff briefly worked as a driver for Ferraro from October 9, 2017 until December 6, 2017. EEOC COD at 1. On October 30, 2017,[3] Plaintiff was in an accident while driving in New York. Compl. at 4. Plaintiff alleges that afterwards Defendants called him an "asshole" and blamed him for the accident. *Id.* Plaintiff adds that during this period of employment, Ferraro received complaints from customers about his performance. Compl. at 3. However, Plaintiff contends that these complaints arose because the customers did not speak English and that he protested over being sent to non-English speaking customers. *Id.* Plaintiff then discusses that he complained to Sciancalepore about a Hispanic driver removing items from his truck, but that Sciancalepore took no action. EEOC COD at 1. Plaintiff also states that he requested time off when his father passed away, but that Sciancalepore denied the request because he thought Plaintiff was lying.

On December 6, 2017, Sciancalepore terminated Plaintiff's employment with Ferraro. Compl. at 3. Sciancalepore allegedly told Plaintiff he was an "asshole" and to leave "his mother

---

[2] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[3] The Complaint lists the date of the accident as October 30, 2018. However, this appears to be a typographical error.

2

fucking property a Black guy like me." *Id.* Plaintiff provided Sciancalepore with proof that his father had passed away, but it did not impact the termination.

Plaintiff states that Ferraro had only one other black driver and that all the other drivers are Hispanic. *Id.* He also alleges that Ferraro's owner is Hispanic. Believing that he was discriminated against, Plaintiff filed his Charge of Discrimination with the EEOC on December 19, 2017. EEOC COD at 1. On the form, Plaintiff stated that he suffered retaliation based on his race and color. *Id.* The EEOC sent Plaintiff a right to sue letter on May 23, 2018. EEOC COD at 2.

Plaintiff filed this Complaint on June 20, 2018, seeking $5,000 in damages. Compl. at 4.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 1915

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently established his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs. *See* Compl., D.E. 1-2.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal under Rule

12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. LEGAL ANALYSIS

At the outset, the Court finds that Plaintiff fails to establish subject matter jurisdiction. "In order to establish a basis for subject matter jurisdiction in federal court, a plaintiff's claims must establish either federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. *Gencarelli v. New Jersey Dep't of Labor & Workforce Dev.*, No. 15-3405, 2015 WL 5455867, at *1 (D.N.J. Sept. 16, 2015) (citing *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996)). The burden is on the Plaintiff to prove the Court has jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

Plaintiff states that his claims are brought pursuant to diversity jurisdiction. Compl. at 2. As noted, Plaintiff bears the burden of proving diversity jurisdiction, which requires proof of the parties' diversity of citizenship as well as the existence of a matter in controversy exceeding the

value of $75,000. *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing 28 U.S.C. § 1332). Diversity of citizenship is present when a citizen of one state brings an action against Defendants who are all citizens of a different state. *See* 28 U.S.C. § 1332. Plaintiff alleges that he is a New Jersey citizen and that Defendants are New Jersey citizens. Thus, there is no diversity of citizenship. Moreover, Plaintiff seeks $5,000 in damages. To maintain a diversity jurisdiction the amount in controversy must exceed $75,000. Thus, Plaintiff also does not meet the amount in controversy threshold.

Plaintiff does not allege federal question jurisdiction. In fact, Plaintiff sets forth no counts and fails to indicate any specific cause of action. *See Kassin v. U.S. Postal Serv.*, No. 11-1482, 2011 WL 6002836, at *2 (D.N.J. Nov. 30, 2011) (finding that a *pro se* plaintiff's discussion of factual allegations, without specifying a legal cause of action, was insufficient to withstand a motion to dismiss). Reading the Complaint as liberally as possible, Plaintiff may be seeking to bring an employment discrimination claim under Title VII of the 1964 Civil Rights Act ("Title VII"). "Title VII protects all employees of and applicants for employment with a covered employer, employment agency, labor organization, or training program against discrimination based on race, color, religion, sex, or national origin." *Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 323 (1980). Thus, Title VII prohibits employers from wrongfully discriminating against their employees. *See* 42 U.S.C. § 2000e-2.[4]

If Plaintiff intends to assert a federal question pursuant to Title VII, he will need to allege a *prima facie* claim of discrimination under Title VII. To allege a Title VII *prima facie* claim, a

---

[4] A plaintiff alleging a violation of Title VII must exhaust the administrative remedies available through the EEOC before bringing either claim in court. 42 U.S.C. § 2000e–5(e); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Plaintiff attaches his Charge of Discrimination form and his right to sue letter to the Complaint. Thus, Plaintiff appears to have exhausted his administrative remedies.

plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. *Barrentine v. New Jersey Transit*, 44 F. Supp. 3d 530, 538 (D.N.J. 2014) (citing *Sarullo v. U.S. Postal Serv.,* 352 F.3d 789, 797 (3d Cir. 2003) (citations omitted)). Here, Plaintiff does not allege a Title VII cause of action,[5] or any other federal cause of action. Without the presence of federal question or diversity jurisdiction, the Court has no authority to hear this matter.

In addition to not sufficiently alleging subject matter jurisdiction, the Complaint contains other defects. Mere "conclusory allegations against defendants as a group" which "fail to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, 2015 U.S. Dist. LEXIS 84365, at *8 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, 2013 U.S. Dist. LEXIS, at *12 (D.N.J. Mar. 19, 2013) (emphasis in original). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11. Here, Plaintiff names several Defendants but only discusses Sciancalepore's individual actions in any detail.

---

[5] The Court notes that Plaintiff has arguably provided valid, non-discriminatory reasons for his termination—getting into a car accident, customer complaints, and (possibly) taking leave when he was told not to. Yet, the Court will permit Plaintiff to amend his Complaint to determine if he can sufficiently state a federal cause of action, such as a Title VII claim.

Thus, Plaintiff fails to specifically establish each individual defendant's actions that contributed to the alleged violations.

For the foregoing reasons, Plaintiff fails to plausibly plead a cause of action, and his Complaint is dismissed. When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se*, and is entitled to a more relaxed standard of review than if he was represented by counsel, the Court will grant him an opportunity to amend his pleadings and plausibly allege a federal cause of action.

Thus, for the reasons set forth above and for good cause shown,

IT IS on the 21st day of August, 2018,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Complaint, D.E. 1, is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; and it is further

**ORDERED** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of receipt of this Opinion and Order. If Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of receipt, dismissal of this case shall be with prejudice[6]; and it is further

---

[6] Dismissal with prejudice means that Plaintiff will **not** be able to bring any future action against Defendants based on the allegations in this case.

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by certified mail return receipt.

_____
JOHN MICHAEL VAZQUEZ, U.S.D.J.